| | |
|---|---|
| 1 | BROWNE WOODS GEORGE LLP |
| | Peter W. Ross (State Bar No. 109741) |
| 2 | pross@bwgfirm.com |
| | Keith J. Wesley (State Bar No. 229276) |
| 3 | kwesley@bwgfirm.com |
| | 2121 Avenue of the Stars, 24th Floor |
| 4 | Los Angeles, CA 90067 |
| | Tel. (310) 274-7100 / Fax (310) 275-5697 |
| 5 | |
| | LAW OFFICES OF GARY FREEDMAN |
| 6 | Gary Freedman (State Bar No. 49922) |
| | goromans@aol.com |
| 7 | 1149 Third Street, Suite 200 |
| | Santa Monica, CA 90403 |
| 8 | Tel. (310) 576-2444 / Fax (310) 576-2440 |

FILED
CLERK, U.S. DISTRICT COURT
MAR 10 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Plaintiff
Brighton Collectibles, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRIGHTON COLLECTIBLES, INC., a Delaware corporation,

    Plaintiff,

vs.

TRANSCONTINENTAL INSURANCE COMPANY, a New York Corporation, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation, AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA, a Pennsylvania corporation, and DOES 1-30, inclusive,

    Defendants.

Case No. CV 10-7316 GW(Ex)

**DISCOVERY MATTER**

**[PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY**

273441_1.DOC

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23

| BRIGHTON COLLECTIBLES, INC., a Delaware corporation, | Case No. CV 10-7316 GW(RCx) |
|---|---|
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | **PROTECTIVE ORDER GOVERNING DISCOVERY** |
| TRANSCONTINENTAL INSURANCE COMPANY, a New York Corporation, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation, AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA, a Pennsylvania corporation, and DOES 1-30, inclusive, | |
| Defendants. | |

24
25
26
27
28

273441_1.DOC

-2-

# **PROTECTIVE ORDER**

The Court, finding that the order requested by the parties is proper and desirable in the circumstances of this case, and good cause appearing therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, makes the following Order for the benefit of all parties and witnesses to govern the course of the proceedings in this case:

1. DEFINITIONS

    1.1  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.3  <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

    1.4  <u>"Highly Confidential -- Outside Counsel Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    1.5  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    1.6  <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    1.7.  <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -- Outside Counsel Only."

1.8   **Protected Material**: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential -- Outside Counsel Only."

1.9   **Outside Counsel**: Attorneys (as well as their support staffs) who are retained to represent or advise a Party in this action.

1.10   **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant. Moreover, the expert witness or consultant may not be a current employee or anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

1.11   **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.   SCOPE

The protections conferred by this Protective Order Governing Discovery cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. This Protective Order Governing Discovery does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to the

limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4. DESIGNATING PROTECTED MATERIAL

### 4.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

### 4.2 Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1  Designation in conformity with this Order requires:

2  (a) <u>for information in documentary form</u> (apart from
3  transcripts of depositions or other pretrial or trial proceedings), that the Producing
4  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --
5  OUTSIDE COUNSEL ONLY" at the top or bottom of each page that contains
6  protected material. If only a portion or portions of the material on a page qualifies
7  for protection, the Producing Party also must clearly identify the protected
8  portion(s) (e.g., by making appropriate markings in the margins) and must specify,
9  for each portion, the level of protection being asserted (either "CONFIDENTIAL"
10 or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY").

11  A Party or non-party that makes original documents or materials
12 available for inspection need not designate them for protection until after the
13 inspecting Party has indicated which material it would like copied and produced.
14 During the inspection and before the designation, all of the material made available
15 for inspection shall be deemed "HIGHLY CONFIDENTIAL -- OUTSIDE
16 COUNSEL ONLY." After the inspecting Party has identified the documents it
17 wants copied and produced, the Producing Party must determine which documents,
18 or portions thereof, qualify for protection under this Order, then, before producing
19 the specified documents, the Producing Party must affix the appropriate legend
20 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL
21 ONLY") at the top or bottom of each page that contains Protected Material. If only
22 a portion or portions of the material on a page qualifies for protection, the
23 Producing Party also must clearly identify the protected portion(s) (e.g., by making
24 appropriate markings in the margins) and must specify, for each portion, the level
25 of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL -- OUTSIDE COUNSEL ONLY").

27  (b) <u>for testimony given in deposition or in other pretrial or
28 trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony

1  identify on the record, before the close of the deposition, hearing, or other
2  proceeding, all protected testimony, and further specify any portions of the
3  testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --
4  OUTSIDE COUNSEL ONLY." When it is impractical to identify separately each
5  portion of testimony that is entitled to protection, and when it appears that
6  substantial portions of the testimony may qualify for protection, the Party or non-
7  party that sponsors, offers, or gives the testimony may invoke on the record (before
8  the deposition or proceeding is concluded) a right to have up to 20 days to identify
9  the specific portions of the testimony as to which protection is sought and to specify
10 the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
11 CONFIDENTIAL -- OUTSIDE COUNSEL ONLY"). Only those portions of the
12 testimony that are appropriately designated for protection within the 20 days shall
13 be covered by the provisions of this Protective Order Governing Discovery.

   Transcript pages containing Protected Material must be
15 separately bound by the court reporter, who must affix to the top of each such page
16 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE
17 COUNSEL ONLY," as instructed by the Party or nonparty offering or sponsoring
18 the witness or presenting the testimony.

19    (c) <u>for information produced in some form other than
20 documentary, and for any other tangible items,</u> that the Producing Party affix in a
21 prominent place on the exterior of the container or containers in which the
22 information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
23 CONFIDENTIAL -- OUTSIDE COUNSEL ONLY." If only portions of the
24 information or item warrant protection, the Producing Party, to the extent
25 practicable, shall identify the protected portions, specifying whether they qualify as
26 "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL
27 ONLY."

28

4.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Procedure For Challenging Designation. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so by the procedure set forth in Local Rule 37. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

5.3    Procedure—Requesting Permission to Disclosure HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Materials to Party. If a Party's Outside Counsel determines that his or her ability to provide the Party with a full and robust representation in this matter has been hindered because the Outside Counsel is unable to disclose information that has been designated HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY to that Party, Outside Counsel

may seek permission to disclose the information to that Party by the procedure set forth in Local Rule 37. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel and in-house counsel, as well as employees of said Outside Counsel and in-house counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Board members, officers and directors of the Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1      (d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (e)   the Court and its personnel;

    (f)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (g)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order Governing Discovery.

    (h)   the author and recipients of the document or the original source of the information.

  6.3   <u>Disclosure of "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" only to:

    (a)   the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)   the Court and its personnel;

      (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      (f)    the author and recipients of the document or the original source of the information.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order Governing Discovery promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order Governing Discovery, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   **FILING PROTECTED MATERIAL.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

10.   **FINAL DISPOSITION.** Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

11. **MISCELLANEOUS**

    11.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    11.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order Governing Discovery no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order Governing Discovery. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    11.3 <u>Inadvertent Production of Privileged Documents.</u> If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Producing Party. Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

12. The provisions of this Protective Order are subject to further Court order based upon public policy and other considerations.

13. Without separate and subsequent Court order, this Protective Order does not change, amend, or circumvent any Court rule or Local Rule.

Dated: March 10, 2011

By: _____
Hon. ~~George H. Wu~~

UNITED STATES ~~DISTRICT JUDGE~~
Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____

_____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Governing Discovery that was issued by the United States District Court for the Central District of California in the case of *Brighton Collectibles, Inc. v. Transcontinental Insurance Company, et al.*, Case No. CV 10-7316 GW(RCx). I agree to comply with and to be bound by all the terms of this Protective Order Governing Discovery and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order Governing Discovery to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order Governing Discovery, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order Governing Discovery.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____